UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARY ROBINSON                                                                                   PLAINTIFF

V.                                                        CIVIL ACTION NO. 3:18-CV-738-DPJ-FKB

HOME DEPOT U.S.A., INC.,                                                                   DEFENDANTS
ET AL.

ORDER

Defendants Home Depot U.S.A., Inc. [7] and Diversified Maintenance Systems, LLC [10] have each moved to dismiss Plaintiff Mary Robinson's claims against them. For the reasons that follow, their motions are granted.

I.     Facts and Procedural History

According to the Complaint, Plaintiff Mary Robinson "was hired as a Housecleaner/ Custodian by Defendant, Diversified Maintenance Systems, LLC, on February 16, 2018." Compl. [1] ¶ 5. Robinson alleges that Diversified "is a contractor with Home Depot U.S.A., Inc." and that she worked as a custodian "at the Home Depot store in Jackson, Mississippi." *Id.* ¶¶ 6–7. She says that, on March 6, 2018, a Home Depot employee exposed himself to her. She reported the incident to her supervisor at Diversified, Defendant Jennifer Morataya, and on March 10, 2018, her employment was terminated.

Robinson filed a charge of discrimination with the EEOC against Home Depot on March 16, 2018; she filed a charge against Diversified on September 14, 2018. On October 24, 2018—while still represented by counsel—she filed this lawsuit against Home Depot, Diversified, and Morataya. She asserts a state-law tortious-interference claim against Morataya and Title VII discrimination and retaliation claims against "Defendant." Compl. [1] ¶¶ 17, 18, 20, 21. Though

Robinson pleaded the Title VII claim in the singular, the Court assumes she meant Home Depot and her employer Diversified as there are no other claims pleaded against Home Depot.

Home Depot and Diversified filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), and Robinson's counsel sought and received leave to withdraw. Robinson, then proceeding pro se, failed to file timely responses. So the Court entered a Show Cause Order on April 24, 2019, directing Robinson to respond on or before May 10, 2019. Order [16]. On May 6, 2019, Robinson filed a one-page response indicating that she "would like to reopen [her] case" because she "was falsely t[er]m[in]at[]ed." Resp. [17]. Because her response was non-substantive, the Court will not wait for replies.

II.     Standard

When considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted).

III.   Analysis

    A.   Home Depot

Robinson sued Home Depot under Title VII, but it is well-settled that "a Title VII claim must necessarily involve an employment relationship." *Diggs v. Harris Hosp.-Methodist, Inc.*, 847 F.2d 270, 272 (5th Cir. 1988). Robinson alleges that Diversified hired her but that Home Depot "was a joint employer of Plaintiff." Compl. [1] ¶ 2. An entity "may be liable under Title VII as a joint employer" if it and the plaintiff's employer are "an integrated enterprise." *Skidmore v. Precision Printing & Packaging, Inc.*, 188 F.3d 606, 616–17 (5th Cir. 1999). The joint-employer test "ultimately focuses on the question 'which entity made the employment decisions' regarding the plaintiff employee." *Canon v. Bd. of Trustees of State Institutions of Higher Learning of Miss.*, 133 F. Supp. 3d 865, 874 (S.D. Miss. 2015) (quoting *Skidmore*, 188 F.3d at 617). And even where joint-employer status is found, "a joint employer must bear some responsibility for the discriminatory act to be liable for [a] . . . violation." *Id.* (quoting *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 228 (5th Cir. 2015)).[1]

At most, Robinson avers that Diversified "is a contractor with Home Depot." Compl. [1] ¶ 6. This does not plausibly suggest an integrated entity. Moreover, Robinson fails to allege that Home Depot "made the employment decisions" regarding her employment. Instead, Robinson says she was hired by Diversified, she reported the incident to Morataya (her supervisor at Diversified), and she "was terminated." Compl. [1] ¶ 13. Finally, Robinson attaches the EEOC's right-to-sue-letter as an exhibit to her Complaint. That letter states that the EEOC was "closing its file," citing "No Employee – Employer Relationship" between Robinson and Home

---

[1] The joint-employer test is somewhat more involved than this. *See Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983). But a deep dive is unnecessary given the lack of factual averments in the Complaint.

Depot. EEOC RTS [1-2]. Absent any factual averments suggesting that Home Depot can be liable to Robinson under Title VII, its motion is granted. *See Canon*, 133 F. Supp. 3d at 874.

B. Diversified

"In order to file suit under Title VII, a plaintiff first must file a charge with the EEOC within 180 days of the alleged discriminatory act." *Price v. Choctaw Glove & Safety Co., Inc.*, 459 F.3d 595, 598 (5th Cir. 2006). "This time limit operates as a statute of limitations." *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999). In this case, the allegedly discriminatory act occurred on March 10, 2018. Compl. [1] ¶ 13. So Robinson had until September 6, 2018, to file an EEOC charge. But her EEOC charge against Diversified was not filed until September 14, 2018. Because Robinson did not file a timely charge of discrimination, she did not exhaust her administrative remedies. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). Diversified's motion to dismiss is granted.

Diversified has also asked for an award of fees and costs incurred in preparing its motion to dismiss. Mot. [10] at 1–2. The motion is apparently made under Rule 11, as Diversified states that its attorney "advised counsel for Plaintiff that Plaintiff failed to exhaust her administrative remedies and the claim against Diversified should be voluntarily dismissed," but Robinson "failed to withdraw her claim." Def.'s Mem. [11] at 3 n.18, 4. But under Rule 11, "[a] motion for sanctions must be made separately from any other motion." Fed. R. Civ. P. 11(c)(2). Diversified failed to comply with this provision, so its request for fees and costs is denied.

C. Jennifer Morataya

Finally, Robinson filed a state-law claim for tortious interference with employment against Morataya. According to the docket, the clerk issued a summons for Morataya on October 24, 2018—the day the Complaint was filed. But the docket does not reflect that

Robinson ever served Morataya, and the time to do so under Rule 4(m) expired on January 22, 2019. Pursuant to that rule, the Court—"on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time" unless "the plaintiff shows good cause for the failure." Fed. R. Civ. P. 4(m). The Court therefore notifies Robinson that it intends to dismiss the claims against Morataya for lack of timely service under Rule 4(m) unless she demonstrates good cause for failure to timely serve Morataya. Robinson should file a response to this Order within 14 days addressing the failure to effect service on Morataya. Robinson's failure to respond to this Order will result in dismissal *without prejudice* of the claim against Morataya with no further notice.

IV.     Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Defendants' Motions to Dismiss [7, 10] are granted. Robinson should file a response addressing service of process as to Defendant Morataya within 14 days of the entry of this Order.

**SO ORDERED AND ADJUDGED** this the 9th day of May, 2019.

s/ *Daniel P. Jordan III*<br>CHIEF UNITED STATES DISTRICT JUDGE